UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSE L. JOHNSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:23-cv-01086 |
| EQUIFAX INFORMATION SERVICES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JESSE L. JOHNSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Kalamazoo, Michigan.

5. Defendant is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of California. Defendant is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to this instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to conduct giving rise to the claims herein, Plaintiff obtained an eBay Credit Card ("subject consumer debt") from Synchrony Bank ("Synchrony").

2

8. On or about January 30, 2023, Plaintiff and Synchrony executed an agreement where they settled all claims, which included forgiving the balance of the subject consumer debt and submitting a request to delete the corresponding tradeline being reported by Defendant.

9. Nevertheless, Plaintiff thereafter accessed his credit report and was shocked to learn that Synchrony was still reporting the subject consumer debt on his Equifax credit report.

10. Consequently, Plaintiff initiated a credit dispute with Defendant on or about February 25, 2023. Specifically, Plaintiff informed Defendant of the incorrect information on his credit report, and demanded that it update its reporting of the subject consumer debt to correctly report the same.

11. Upon information and belief, Defendant received a copy of Plaintiff's dispute on or about February 28, 2023.

12. Upon similar information and belief, Synchrony received notice of Plaintiff's dispute within five days of Plaintiff initiating the disputes with Equifax. *See* 15 U.S.C. § 1681i(a)(2).

13. Defendant failed to reasonably investigate Plaintiff's dispute within 30 days of Plaintiff's dispute. Defendant failed to provide any response to Plaintiff's dispute.

14. Rather than conduct a reasonable investigation into Plaintiff's dispute, Defendant continued to report the inaccurate trade line.

15. The reporting of Synchrony trade line is patently inaccurate and materially misleading because it paints Plaintiff's creditworthiness in a false light since Plaintiff had extinguished any and all obligation on the subject consumer debt.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

16. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and thus a high-risk consumer.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

18. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, denial of multiple credit applications, and mental and emotional pain and suffering.

19. Due to the conduct of Defendant, Plaintiff was forced to retain counsel, to correct the inaccuracies in his Equifax credit file.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

22. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

23. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by § 1681a(d).

24. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

25. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

26. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

27. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed

information or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

28. Plaintiff provided Defendant with all relevant information in his request for investigation to reflect the inaccurate reporting of the subject consumer debt.

29. Defendant failed to respond and reasonably investigate Plaintiff's dispute, instead preparing Plaintiff's credit reports containing inaccurate and materially misleading information stemming from the inaccurate reporting of the subject consumer debt.

30. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant prepared patently false and materially misleading consumer reports concerning Plaintiff.

31. Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

32. Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject consumer debt.

33. Defendant violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

34. Defendant violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from Synchrony that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

35. Defendant knew that the inaccurate reporting of the subject consumer debt in Plaintiff's credit files under the Synchrony trade line would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

36. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

37. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, consequently, Plaintiff's creditworthiness.

38. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

39. It is Defendant regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify the accuracy of such information.

40. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

41. Defendant acted reprehensively and carelessly by reporting and re-reporting the subject consumer debt on Plaintiff's credit report in a negative light after Plaintiff put Defendant on notice as to the inaccurate information contained within his credit files.

42. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

43. As stated above, Plaintiff was severely harmed by Defendant's conduct.

WHEREFORE, Plaintiff, JESSE L. JOHNSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

   b. Ordering that Defendant immediately delete all of the inaccurate information from Plaintiff's credit report and credit file;

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

   d. Awarding Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

   e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

   f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

   g. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

Dated: October 12, 2023

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the W.D. Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com